IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                  RESPONDENT

vs.                                          Criminal No. 4:12-cr-40009
                                             Civil No. 4:17-cv-04022

ANTHONY MORINE                                                                               MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant is Anthony Morine ("Morine") who is proceeding *pro se*. On April 6, 2017, Morine filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 32. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 40.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1.   **Procedural Background**:[1]

On March 7, 2012, Morine was named in a one-count Indictment filed in the Western District of Arkansas, charging him with distributing more than 28 grams of cocaine base within 1000 feet of the real property of a public housing facility, in violation of Title 22 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and 860(a). ECF No. 1.

On August 31, 2012, Morine appeared with counsel before the Honorable Susan O. Hickey

---

[1] The procedural background is taken from the Motion and Response filed in this matter as well as the Court's docket in this matter.

for a change of plea hearing. ECF No. 16. A written plea agreement was presented to the Court that set forth the terms of Morine's agreement to plead guilty to the Indictment. ECF No. 17. Morine's Plea Agreement contained a Waiver of Appellate and Post-Conviction Rights. ECF No. 17 ¶ 6. The Court accepted Morine's plea and ordered a Presentence Investigation Report ("PSR").

Subsequently, the Probation Office issued Morine's final PSR. The PSR found Morine to be a Career Offender under the provisions of the United States Sentencing Guidelines § 4B1.1, resulting in a Total Offense Level of 31, following a three-level reduction for acceptance of responsibility. PSR ¶¶ 21-24. Morine's criminal history score was determined to be 10, which would normally result in a criminal history category of V. PSR ¶¶ 56-58. However, because Morine is a Career Offender, his criminal history category became VI. PSR ¶ 59. Morine's statutory sentencing range called for a minimum term of imprisonment of 5 years and a maximum term of 80 years. PSR ¶ 100. Morine's Total Offense Level of 31 and Criminal History category of VI combined to produce an advisory guideline range of 188 to 235 months imprisonment. PSR ¶ 101.

On January 23, 2013, Morine appeared before the Honorable Susan O. Hickey for sentencing. ECF No. 24. At the conclusion of the hearing, the Court sentenced Morine to 120 months imprisonment, with credit for time served in federal custody, 8 years supervised release, and a $100 special assessment. ECF No. 25. The judgment was entered on January 24, 2013. *Id.* Morine waived his right to directly appeal his conviction and sentence as a part of the Plea Agreement. ECF No. 17 ¶ 6. Therefore, no direct appeal was filed.

Morine did subsequently file two motions for reduction of sentence. The first was filed on February 19, 2015 (ECF No. 27) and the second filed on June 8, 2015 (ECF No. 28). He acknowledged in the second motion that he was not entitled to relief as requested in the first motion

for reduction of sentence. The Court denied both of these motions on June 15, 2015. ECF No. 30-31.

On April 7, 2017, Morine filed the instant *pro se* Motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence, along with a memorandum brief in support thereof. ECF Nos. 32-33. At the same time, Morine also filed a Motion for an Evidentiary Hearing. The Court directed the United States to file a response to the Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 36. The Government responded (ECF No. 40), and this Motion is ripe for consideration.

**2.  Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.  Discussion**:

Upon review of Morine's Motion, the Court finds it is time-barred. Thus, the Court will only address this issue.

    **A.  One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter

"AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). Notably, if a defendant does not appeal his or her conviction, the judgment becomes final within fourteen (14) days following the entry of judgment.

Accordingly, in Morine's case, the judgment was entered on January 24, 2013. ECF No. 25. Because Morine did not appeal this judgment, it then became final fourteen days later or on February 17, 2013. Under AEDPA, Morine then had one year, or by February 17, 2014, to file the current 28 U.S.C. § 2255 Motion. Morine, however, waited until April 7, 2017 to file the current Motion. This Motion is over three years untimely. Thus, absent some exception to the one-year statute of limitations extending this deadline, Morine's 28 U.S.C. § 2255 Motion is time-barred.[2]

Further, although the "date on which the judgment of conviction becomes final" is the general rule, the statute of limitations can also begin to run "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In his brief, Morine references the Supreme Court's case in *Mathis v. United States,* 136 S. Ct. 2243 (2016). ECF No. 32 at 4. It appears Morine claims his delay in filing 28 U.S.C. § 2255 action is excused because

---

[2]Even if the Court were to consider the two Motions to reduce sentence in this matter, the instant Motion is still time-barred, as the Court denied those Motions on June 15, 2015, almost 2 years before Morine filed the instant Motion.

of this case, and the statute of limitations did not begin to run until this case was decided. *Id.*

Upon review of *Mathis*, however, it did not recognize a *new right* but only clarified existing law. As the Supreme Court stated in that case, "[b]ut whether for good or for ill, the elements-based approach remains the law. And we will not introduce inconsistency and arbitrariness into our ACCA decisions by here declining to follow its requirements." *Id.* at 2257. As such, the statute of limitations under AEDPA did not begin to run from the date of this case because it does not meet the requirements of 28 U.S.C. § 2255(f)(3). Instead, the statute of limitations began to run the date the judgment became final as outlined above.

### B.    Equitable Tolling

The Court will now consider if an exception to the one-year statute of limitations applies. Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to timely file a 28 U.S.C. § 2255 motion. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). *See, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." (quoting *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003))). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir. 2008)(citations omitted).

Here, Morine has not specifically alleged equitable tolling. Further, he has made no allegation that he was both pursuing his rights diligently and some extraordinary circumstance stood in his way. Thus, the Court cannot find there are any "extraordinary circumstances" justifying the

application of equitable tolling.  Thus, Morine's 28 U.S.C. § 2255 motion is still time-barred.

**4.     Conclusion**:

Morine's Motion is time-barred under AEDPA's one-year statute of limitations.  At the very latest, he was required to file his 28 U.S.C. § 2255 motion by February 17, 2014.  Here, Morine waited until April 7, 2017 to file the current Motion.  Thus, this Motion is untimely.

**5.     Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 32) be **DENIED** and dismissed with prejudice.  No evidentiary hearing is necessary in this matter.[3]  The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **13th day of March 2018.**

      /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] The Court previously denied Morine's Motion for an Evidentiary Hearing (ECF No. 34), pending its review of the Government's response in this matter (ECF No. 36). "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *See Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984) .