THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                           Case No. 4:12-cr-40009

ANTHONY MORINE                                                                                              DEFENDANT

## ORDER

Before the Court is Defendant Anthony Morine's Motion for Early Termination of Supervised Release. ECF No. 46. The government filed a response in opposition. ECF No. 47. The Court finds the matter ripe for consideration.

On January 23, 2013, the Court sentenced Defendant to one-hundred twenty (120) months imprisonment and eight (8) years of supervised release for the offense of Distribution of More than 28 Grams of Crack Cocaine, a Schedule II Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 860(a). Defendant began his term of supervised release on October 2, 2020.

In the instant motion, Defendant seeks to have the Court end his current term of supervised release. Defendant cites his abstention from drug use, stable employment, and adherence to the terms of his supervised release. Defendant has served approximately forty-two (42) months of his supervised release term of ninety-six (96) months.

The United States Probation Office ("USPO") provided the Court with its assessment of Defendant's request. The USPO notes that although Defendant meets the eligibility criteria for early termination, he "has a lengthy criminal history that includes Terroristic Threatening, Battery 3rd Degree, Domestic Violence 3rd Degree, Assault, and four felony drug convictions."

The government responded in opposition to Defendant's request for release from

supervision. ECF No. 47. The government argues that Defendant's request should be denied noting his "protracted history of ignoring the law, disregarding authority even while under supervision, and profiting from his community's drug woes." *Id* at 3. Further, the government asserts that ending Defendant's supervised release term roughly four and a half years early "would substantially and needlessly increase the risk he continues to pose to the public." *Id.*

A district court may terminate supervised release "if it is satisfied that such action is warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. *See id*. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of a defendant, and the need to provide the defendant with correctional treatment in the most efficient manner.

After consideration of the above-referenced factors, the Court finds that the instant motion (ECF No. 46) should be and hereby is **DENIED** based upon Defendant's history and characteristics, the need to protect the public from further crimes, and the interests of justice.

**IT IS SO ORDERED**, this 15th day of April, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge